# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARKIECE PALMER, | Case No.: 3:23-cv-00479-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 28 |
| TIM GARRETT, et al., | |
| Defendants | |

Before the court is Plaintiff's motion for leave to amend and proposed amended complaint. (ECF Nos. 28, 28-1.) Defendant filed a response. (ECF No. 33.) Plaintiff did not file a reply.

For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). He filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The court screened the complaint and allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Dana Erin Parks, an equal protection claim against Dr. Marks, and an Eighth Amendment deliberate indifference to serious medical needs claim against Parks, Tim Garrett, and David Rivas. (ECF No. 6.)

Defendants have filed an answer to the complaint. (ECF No. 23.)

On July 11, 2024, Plaintiff filed a motion to amend and proposed amended complaint where he seeks to amend his request for relief to add a request for attorney's fees and costs. (ECF Nos. 28, 28-1.)

### III. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

The court finds that Plaintiff's proposed amendment would be futile because Plaintiff is proceeding pro se in this action and cannot recover attorney's fees. If he obtains counsel in the future, he can request leave to amend at that point. To the extent he seeks to amend to assert that his request for relief includes his costs of suit and other damages the court sees fit, this is sufficiently encompassed by the request for relief for damages in Plaintiff's original complaint.

### III. CONCLUSION

Plaintiff's motion to amend (ECF No. 28) is **DENIED**. This action will proceed on the original complaint (ECF No. 7) as set forth in the screening order (ECF No. 6).

**IT IS SO ORDERED**.

Dated: September 13, 2024

_____
Craig S. Denney
United States Magistrate Judge